Read v. McLemore.

---

## G. W. and J. READ v. JOHN D. MCLEMORE.

1. PRINCIPAL AND SURETY : SURETY NOT BOUND ON NOTES UNLESS SIGNATURE OF PRINCIPAL BE OBTAINED AS PROMISED BY PAYEE.—If a party sign a note expressly as surety for another, and upon the promise of the payee that the signature of the proposed principal should be obtained to the note, he will not be liable unless such promise be complied with.

2. SAME.—The defendant wrote to Estes, a commission merchant in New York, introducing Clopton & Co., and representing that they were good and solvent, and at the same time inclosing notes signed by Clopton & Co. and himself to the amount of $10,000, but in blank as to the name of the payee, which were to be used by Clopton & Co. in, the purchase of a stock of goods. Estes, on the basis of this letter and the notes, arranged with various merchants in New York, among whom were the plaintiffs, so that Clopton & Co. purchased a stock of goods amounting to over $10,000, Estes assuring the sellers that they should have the joint notes of Clopton & Co. and defendant for the amount of

their sales. The several purchases not being for the exact amount of the several notes signed by Clopton & Co. and defendant, they were retained by Estes until other notes signed by Clopton & Co. could be sent out, and the signature of defendant obtained thereto : the note sued on was also sent out with the others, but without the signature of Clopton & Co. Defendant signed the other notes, amounting, in the aggregate, to over $10,000, but refused to sign the note in controversy until assured by the agent by whom it was sent out that the signature of Clopton & Co. should be obtained; he then signed it expressly as surety for Clopton & Co. The signature of Clopton & Co. was never obtained. *Held*, that the defendant was not liable, as he only agreed to be bound as surety; nor was his liability affected by his letter to Estes, as he had already become bound to the extent of the notes inclosed with it.

3. COMPROMISE : OFFERS OF, NOT BINDING A PARTY MAKING THEM.—An offer to pay a note, if further time be allowed, accompanied by a caution that unless the terms proposed are accepted the defendant will insist on his legal rights, is a mere offer to compromise, and unless accepted by the other party, is no waiver of any legal defence which the defendant may have against the note.

IN error from the Circuit Court of Carroll county. Hon. E. G. Henry, judge.

The plaintiff in error sued the defendant, in the court below, upon a promissory note, of which the following is a copy :—

$385$\frac{88}{100}$.                                NEW YORK, 15 March, 1854.

Twelve months after date we, or either of us, promise to pay to the order of G. W. & J. Read, three hundred and eighty-five $\frac{88}{100}$ dollars, for value received, payable," &c.

(Signed)        JNO. D. McLEMORE, *Security*,

having a blank space above McLemore's name, for the signature of other parties.

To this the defendant pleaded, 1st. The general issue.

2d. That, by express contract and agreement, at the time he signed said note, it was only to be binding on him, upon condition that L. C. Clopton & Co. should sign it as principals; and, that plaintiff's agent, who procured the note, expressly so promised, at the time he procured defendant's signature.

This last plea was under oath.

On both of their pleas, plaintiff took issue.

Afterwards, plaintiff, by leave, filed an amended declaration, con-

taining two counts. The first count undertakes to charge McLemore for the amount of a bill of goods, sold by plaintiff to Clopton & Co., upon the ground that McLemore had *avouched* the responsibility of Clopton & Co. to one E. C. Estes, and had requested Estes to assist Clopton & Co. in purchasing goods, and that he had obligated himself to Estes to pay for said Clopton & Co. to the amount of $10,000; and that Estes applied to plaintiffs, and informed them of the above, and that McLemore was solvent, and that plaintiffs, relying upon that, sold the goods.

The second count was assumpsit, for goods, wares, and merchandise, sold and delivered to L. C. Clopton & Co., at the request of McLemore, and that McLemore afterwards, in writing, acknowledged the amount to be due, and promised, in writing, to pay the same.

The defendant demurred to these counts, and his demurrers were overruled, and he then plead non-assumpsit.

No bill of particulars was filed with the declaration.

The cause was submitted to a jury, who found for the defendant. The plaintiffs then moved for a new trial. 1st. Because the court erred in the instructions to the jury. 2d. Because the jury found contrary to law and evidence.

This motion was overruled.

From the bill of exceptions, it appears that the note sued on was read to the jury, and that then the plaintiff offered to read in evidence the deposition of E. C. Estes. To the reading of so much of that deposition, as tended to prove an account against defendant for goods, wares, and merchandise, the defendant objected, and the court sustained the objection, upon the ground that no bill of particulars had been filed. Plaintiff then declined to read any portion of said deposition until the defendant had closed his case, and then plaintiff read the whole deposition against the exception and objection of defendant. The deposition of this witness is, in substance, as follows:—

That, in March, 1854, L. C. Clopton handed witness a letter from McLemore, of the date of 28th January, 1854, which is made an exhibit to his deposition. This letter introduces to Estes (who was a commission merchant, in New York) L. C. Clopton, and represents that L. C. Clopton & Co. are good, and continues: " So well satisfied am I of their ability to meet their liabilities, that I have gone

their security on notes to the amount of ten thousand dollars, having twelve months to run, of blank date, which notes Col. Clopton has with him. I hope it will be in your power to be of service to them, and at the same time to make it beneficial to yourself. Any assistance you may render them will be duly appreciated both by Col. Clopton and myself.

"Respectfully yours,

"JOHN D. MCLEMORE.

"P. S. The notes are payable to blank also, so they can be filled up to the proper persons."

At the same time Clopton handed to Estes the blank notes referred to in the letter. Estes, upon this basis, negotiated credit for Clopton & Co. in New York, and, amongst others, contracted with the plaintiff to the amount of $385 88, procuring thereon the joint notes of McLemore, and Clopton & Co.

After the purchases were completed, it was ascertained that the several bills purchased were not of the amount of the notes. Witness retained them until notes payable to the sellers for the proper amounts were sent out and signed by McLemore, they being already signed by Clopton & Co. Witness omitted to procure the signature of Clopton & Co. to the note in controversy, but sent it out to McLemore in blank by Richard Small, to procure McLemore's signature. The note was afterwards received by him, signed as above, and he handed it to plaintiff, *expecting that they would procure the signature of Clopton & Co.* When this note was received he sent the original notes to Small for McLemore.

The deposition of H. T. Cautzen, for plaintiff, states that he had the note sued on, in his possession for collection in May, 1855; that McLemore called on him, and proposed paying the note by giving acceptances for one-half, due 1st July, 1856, and the other 1st July, 1857, which witness declined for want of power to make the arrangement. That McLemore said that no advantage would be taken by him of the want of the signature of his nephew, the principal, to the note, and which he had signed as security; that he considered himself bound for the debt, and *would have to pay it*, and if it was the only one of the kind he would pay it without delay; but there were others, to a considerable amount, which he would

have to pay, and which would be an entire loss. This witness, on cross-examination, stated: "There was no condition to the offer of settlement made me by Col. McLemore for said note. He said not a word to me on the subject that I did not consider fair and honorable. The only difficulty was in regard to the time he required. After his saying that he would take no advantage of this want of the signature of the principal to the note, it did not occur to me that there was any question as to his liability for the debt, as he expressly said he would have to pay it. But he also said, if he was sued on it, he would contest it to the last, or words to that effect."

R. Small, for defendant, stated that, in the year 1854, Estes gave him the note sued on to procure McLemore's signature; that he presented it to McLemore, and he refused to sign, because the signature of Clopton & Co. were not to it as principals. Witness then assured defendant that their signature should be procured. Defendant stated he would only sign and agree to be bound as surety for said L. C. Clopton & Co.; and it was expressly agreed, between him and defendant, that defendant was not to be bound on said note unless the signature of Clopton & Co. was obtained thereto as principals, and then the defendant signed the note. Defendant stated to witness that Clopton & Co. had exceeded the amount for which he had agreed to go security in their purchases; and witness then found, on making an addition of the amounts of the notes signed by Clopton & Co., and also by McLemore, and which were in witness's possession, this having been sent out by him also, that the aggregate sum amounted to about $11,000.

No instructions to the jury appeared in the record.

*D. C. Glenn*, and *N. C.* and *J. A. Snider*, for plaintiffs in error.

*J. Z. George*, for defendant in error.

FISHER, J., delivered the opinion of the court.

The defendant was sued, upon what is alleged to be a promissory note, payable to the plaintiffs. The defence set up is, that the defendant signed the note, only as a surety of Clopton & Co., and that they not having signed the note as principals, it was under-

stood that it should not become binding upon the defendant until it was by them so signed.

Aside from the testimony in the record fully establishing this defence, the note itself bears upon its face evidence that some other party was to sign it, above the name of the defendant, before the contract should be considered as complete. The contract was that the defendant, if bound at all, should only be bound as the surety of Clopton & Co., and this was tantamount to saying that if they were never bound as principals in the note, he was not to be bound as a surety.

It was, however, attempted to be shown that the defendant had given to Clopton & Co. a letter of credit, by which he undertook to be responsible for goods sold to these parties, and that the money named in the note being due on account of such goods, and the defendant being already liable, the plaintiffs would not be bound by the condition which he attempted to impose. The letter of credit will not bear this construction. It speaks of notes signed by the defendant as the security of Clopton & Co., in blank, and which might be filled up to the aggregate amount of $10,000. The note in question is not one of these notes, but was intended to secure, if completed, the money agreed to be paid for goods purchased exceeding the above amount of $10,000. It was, indeed, not a debt embraced by the letter of credit.

Again, it is said that the defendant, after the note became due, promised to pay it, or rather admitted his liability. He proposed that if the plaintiffs would agree to renew the note, and extend the payment to a certain time, he would give a new note, and that, if they rejected this proposition, he would stand upon his legal rights. This was but an offer to compromise, and, not being accepted, could not be binding either as an admission of an existing liability or as a contract.

Judgment affirmed.